# **Exhibit A**

# Plaintiff's Amended Complaint

Electronically Filed
2/24/2026 4:02 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
RUSTY GRAF, ESQ.
Nevada Bar No. 6322
SASHA ARAUJO HERNANDEZ, ESQ.
Nevada Bar No. 16675
BLACK & WADHAMS
10777 W. Twain Ave., Suite 300
Las Vegas, NV 89135
Telephone: (702) 869-8801
rgraf@blackwadhams.law
saraujo@blackwadhams.law
*Attorney for Plaintiff*

**BLACK & WADHAMS**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| OSSIRIS LYNCH, an individual<br><br>Plaintiff,<br>vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION, a Nevada corporation; DOES I-X, ROE ENTITIES I-X,<br><br>Defendants. | Case No.: A-25-927483-C<br><br>Dept No.: 7<br><br><br>**AMENDED COMPLAINT** |

COMES NOW, Plaintiff, OSSIRIS LYNCH, an individual ("Plaintiff") by and through his attorneys of record, Rusty Graf, Esq., and Sasha Araujo Hernandez, Esq., of the law firm Black & Wadhams, and for his Complaint against Defendant GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION ("Defendant"), assert, allege and complain as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1.      That at all times relevant to this action, Plaintiff Ossiris Lynch, an individual, was a resident of Clark County, Nevada.

2.      Upon information and belief, Defendant, Granbury at Valley Vista Homeowners

Association, is and was a Nevada corporation, licensed to conduct business in Clark County, Nevada.

3. That Defendants designated herein as Does I-X and Roes Entities I-X are individuals and legal entities that are liable to Plaintiff for the claims set forth herein, including but not limited to, as possible alter egos or successors-in-interest of Defendants. Certain transactions, and the true capacities of Doe and Roe Entities, are presently unknown to Plaintiff and, therefore, Plaintiff sues said Defendants by such fictitious names.

4. Plaintiff will seek leave of Court amend this Complaint to assert the true names and capacities of such Doe and Roe Entities when more information has been ascertained.

5. That this Court has personal jurisdiction over all Defendants as the events, transactions, actions, and omissions giving rise to the claims and causes of action alleged herein occurred in whole or in part in Clark County, Nevada.

6. That this action concerns the Plaintiff's rights as a homeowner of the property located at 4433 Cityscape Glen Court, North Las Vegas, NV 89084.

7. That the Court also has jurisdiction over this matter because this suit alleges claims and causes of action arising from the renting of the Subject Property which is located within Clark County, Nevada.

8. That venue is proper in this Court, pursuant to NRS 13.040, because Defendants reside in Clark County, Nevada, and Plaintiffs have designated Clark County, Nevada as the venue in this case, and the Subject Property is located in Clark County, Nevada.

## II.

## GENERAL ALLEGATIONS

9. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 9 of this Complaint and incorporates the same as if fully set forth herein.

BLACK & WADHAMS
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

10. On or about November 24, 2021, Plaintiff purchased the home located at 4433 Cityscape Glen Court, North Las Vegas, NV 89084 ("Plaintiff's Home").

11. Plaintiff's Home is located within the Granbury Community at Valley Vista ("Granbury Community"). The Granbury Community is governed by the Granbury at Valley Vista Homeowner's Association ("HOA").

12. Around the end of 2022, Plaintiff and his family began to receive numerous notices ("Notices") from the HOA related to alleged violations of the Granbury Covenants, Conditions and Restrictions ("CC&Rs").

13. Such Notices were either frivolous or meritless, including for violations of parking-related CC&Rs, despite Plaintiff not having violated such provisions.

14. Plaintiff disputed these alleged violations, and was ultimately met with hostility from the HOA.

15. At this time, the HOA was led by former president, Daniel Brandmeyer ("Mr. Brandmeyer").

16. Plaintiff then received *additional* Notices, again for meritless accusations of violations.

17. Later, upon joining a Facebook group meant for neighbors and members of the Granbury Community, Plaintiff and his wife discovered that they had been the target of numerous posts, which included grievances about Plaintiff's family members, pets, and his minor children.

18. When Plaintiff brought these posts to the HOA's attention, he learned that some of the then-board members were the neighbors which were making such posts on social media.

19. Plaintiff and his family were repeatedly harassed by neighbors, including Mr. Brandmeyer, and were made to feel unsafe and unwelcome in the Granbury Community.

BLACK & WADHAMS
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

20. In January of 2024, Plaintiff learned that the Board had used HOA funds to run a criminal background check on him, and posted the results of such findings to the Facebook group.

21. In July of 2024, Plaintiff filed a Complaint with the Nevada Real Estate Division ("NRED") against the HOA, for the harassment and other actions by the board members described herein.

22. In August of 2024, Plaintiff filed a Complaint with the U.S. Department of Housing and Urban Development ("HUD"), similarly against the HOA.

23. In January of 2025, Plaintiff and the HOA partook in settlement negotiations, which did not come to fruition.

24. As of February of 2026, the HUD complaint is still pending.

25. In April of 2025, Mr. Brandmeyer filed a defamation suit against Plaintiff, case no.: A-25-915056-C, which was ultimately dismissed as violative of Nevada's Anti-SLAPP statutes ("Brandmeyer Lawsuit").

26. Mr. Brandmeyer made allegations of defamation based on Plaintiff's Complaints with NRED and HUD – both of which are quasi-judicial proceedings.

27. Mr. Brandmeyer has appealed the dismissal of his Complaint in the Brandmeyer Lawsuit, and such appeal is presently pending.

28. In October of 2025, counsel for Mr. Brandmeyer, attorney Kevin Boyle, Esq., filed a lawsuit against Plaintiff, case no.: A-25-929800-C, for defamation.

29. Such lawsuit was similarly dismissed as violative of Nevada's Anti-SLAPP statutes, as the communications complained of were statements of opinion which were related to his personal experiences, namely with the lawsuit filed by Mr. Brandmeyer.

30. Plaintiff was retaliated against by the HOA, based on his lawful quasi-judicial Complaints, with NRED and with HUD.

BLACK & WADHAMS
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & WADHAMS
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669
(702) 869-2669

**III.**

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**(Retaliation Under NRS § 116.31183)**

31.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 of this Complaint and incorporates the same as if fully set forth herein.

32.     Pursuant to Nevada Revised Statutes ("NRS") § 116.31183: An executive board, a member of an executive board, a community manager or an officer, employee or agent of an association shall not take, or direct or encourage another person to take, any retaliatory action against a unit's owner because the unit's owner has: (a) Complained in good faith about any alleged violation of any provision of this chapter or the governing documents of the association.

33.     Plaintiff engaged in his right to complain to NRED about the HOA's violations of the provisions of NRS § 116.

34.     Plaintiff was repeatedly harassed by members of the HOA's board, including but not limited to: in the form of frivolous and meritless "violations" of the CC&Rs, social media attacks, and other forms of harassment.

35.     These forms of harassment are expressly prohibited by NRS § 116.31184.[1]

---

[1] 1.   A community manager, an agent or employee of the community manager, a member of the executive board, an officer, employee or agent of an association, a unit's owner or a guest or tenant of a unit's owner shall not willfully and without legal authority threaten, harass or otherwise engage in a course of conduct against any other person who is the community manager of his or her common-interest community or an agent or employee of that community manager, a member of the executive board of his or her association, an officer, employee or agent of his or her association, another unit's owner in his or her common-interest community or a guest or tenant of a unit's owner in his or her common-interest community which:
   (a) Causes harm or serious emotional distress, or the reasonable apprehension thereof, to that person; or
   (b) Creates a hostile environment for that person.
   2.   A person who violates the provisions of subsection 1 is guilty of a misdemeanor.

36.     Plaintiff exercised his right to file complaints against the HOA in quasi-judicial proceedings, which resulted in the HOA engaging in further attacks and harassment of Plaintiff.

37.     That as the direct and proximate result of Defendant's retaliation, Plaintiff has incurred damages in a sum in excess of FIFTEEN THOUSAND DOLLARS and 00/100 CENTS ($15,000.00), an exact amount to be proven at time of trial.

38.     Plaintiff has been forced to retain the services of the law firm of BLACK & WADHAMS to prosecute this action and obtain relief and is thus entitled to an award of reasonable attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION

### (Violation of 42 U.S.C. § 3617)

39.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 62 of this Complaint and incorporates the same as if fully set forth herein.

40.     Pursuant to 42 U.S.C. § 3617, it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

41.     Plaintiff engaged in his right to file a complaint against the HOA with HUD, as a result thereof, the HOA engaged in additional harassment of Plaintiff.

42.     That as the direct and proximate result of Defendant's actions in violation of 42 U.S.C. § 3617, Plaintiff has incurred damages in a sum in excess of FIFTEEN THOUSAND DOLLARS and 00/100 CENTS ($15,000.00), an exact amount to be proven at time of trial.

43.     Plaintiff has been forced to retain the services of the law firm of BLACK & WADHAMS to prosecute this action and obtain relief and is thus entitled to an award of reasonable attorneys' fees and costs of suit.

BLACK & WADHAMS
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## THIRD CAUSE OF ACTION

### (Breach of Fiduciary Duty)

44.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 42 of this Complaint and incorporates the same as if fully set forth herein.

45.     Pursuant to the CC&Rs, "The Board may act in all instances on behalf of the Association, except as otherwise may be provided in the Governing Documents or any applicable provision of NRS Chapter 116 or other applicable law. The Directors, in the performance of their duties, are fiduciaries, and are required to exercise the ordinary and reasonable care of directors of a non-profit corporation, subject to the business-judgment rule, and shall act on an informed basis, in good faith and in the honest belief that their actions are in the best interests of the Association."

46.     The Board failed to act in accordance with their fiduciary duties under the CC&Rs by wasting the HOA's funds on the issuance of frivolous and meritless violations to Plaintiff.

47.     The Board failed to act in accordance with their fiduciary duties under the CC&Rs by using the HOA's funds for things unrelated to the Association's best interests.

48.     That as the direct and proximate result of Defendant's breach of their fiduciary duties, Plaintiff has incurred damages in a sum in excess of FIFTEEN THOUSAND DOLLARS and 00/100 CENTS ($15,000.00), an exact amount to be proven at time of trial.

49.     Plaintiff has been forced to retain the services of the law firm of BLACK & WADHAMS to prosecute this action and obtain relief and is thus entitled to an award of reasonable attorneys' fees and costs of suit.

/ / /

BLACK & WADHAMS
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**BLACK & WADHAMS**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

## FOURTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

50.     Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 47 of this Complaint and incorporates the same as if fully set forth herein.

51.     Defendant acted intentionally or recklessly when they (1) repeatedly issued frivolous or meritless Notices of violation to Plaintiff; (2) they repeatedly engaged in salacious social media posts about Plaintiff; (3) repeatedly harassed Plaintiff and his family to the point that Plaintiff began to feel unsafe and unwelcome in his community.

52.     Defendant's conduct was the direct cause of Plaintiff's emotional distress.

53.     That as the direct and proximate result of Defendant's actions, Plaintiff has incurred damages in a sum in excess of FIFTEEN THOUSAND DOLLARS and 00/100 CENTS ($15,000.00), an exact amount to be proven at time of trial.

54.     Plaintiff has been forced to retain the services of the law firm of BLACK & WADHAMS to prosecute this action and obtain relief and is thus entitled to an award of reasonable attorneys' fees and costs of suit.

/ / /

**IV.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.      For General damages in an amount in excess of $15,000.00;

2.      For Special damages in an amount in excess of $15,000.00;

3.      For reasonable attorney's fees;

4.      For costs incurred in the pursuit of this action; and

5.      For such other further relief as the court deems proper.

Dated this 24th day of February, 2026.

**BLACK & WADHAMS**

*/s/ Rusty Graf, Esq.*
Rusty Graf, Esq.
Nevada Bar No. 6322
Sasha Araujo Hernandez, Esq.
Nevada Bar No. 16675
10777 W. Twain Ave., Ste. 300
Las Vegas, NV 89135
*Counsel for Plaintiff*

**BLACK & WADHAMS**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am employee of Black & Wadhams, and that on the 24th day of February 2026, I served the above and foregoing **PLAINTIFF'S AMENDED COMPLAINT** in compliance with the Nevada Electronic Filing and Conversion Rules.

*/s/ Diane Meeter*

An Employee of Black & Wadhams

**BLACK & WADHAMS**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669