INKU NAM, ESQ. (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION, a Nevada corporation; DOES I-X, ROE ENTITIES I-X,<br><br>Defendants. | Case No.: 2:26-cv-00895-APG-EJY<br><br>**DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 1-1]** |

Defendant Granbury at Valley Vista Homeowners Association ("Granbury"), by and through its attorney, Inku Nam, Esq. of O'Hagan Meyer PLLC, and pursuant to Fed. R. Civ. P. 12(b)(6) moves to dismiss Plaintiff's First Amended Complaint [ECF No. 1-1].

This motion is made and is based on the following Memorandum of Points and Authorities and all pleadings and papers of record in this matter as well as those in the underlying and related Eighth Judicial District Court Case No. A-25-927483-C.

//

//

//

//

//

1

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

### A.    Prior Litigation, Remand and First Amended Complaint Realleging Federal Claim

Plaintiff Ossiris Lynch ("Plaintiff") originally filed this lawsuit on September 8, 2025, proceeding pro so, in the District Court of Clark County.  On October 13, 2025, Granbury filed a timely notice of removal to this Honorable Court. [*See Lynch v. Granbury at Valley Vista Homeowners Ass'n*, No. 2:25-cv-01959 (hereinafter the "Prior Action"), ECF No. 1.]

On October 20, 2025, Granbury filed a motion to dismiss the Prior Action. [*See* the Prior Action, ECF No. 5.] On October 20, 2025, Plaintiff filed a motion to remand to state court (the "Remand Motion"), purporting to withdraw his claim under the Fair Housing Act (which was the basis for removal). [*See* the Prior Action, ECF No. 8.] On December 8, 2025, following Granbury's opposition to the Remand Motion, this Honorable Court granted the Remand Motion by accepting Plaintiff's voluntary dismissal of his sole federal claim made pursuant to the Fair Housing Act (42 U.S.C. § 3617). [*See* the Prior Action, ECF No. 20.]

On February 24, 2026, Plaintiff filed his First Amended Complaint ("FAC") and realleged the federal claim made pursuant to the Fair Housing Act (42 U.S.C. § 3617). [*See* ECF No. 1-1, FAC, Second Cause of Action.] Accordingly, on March 25, 2026, Granbury again removed this dispute to this Court. [ECF No. 1.]

### B.    Motion to Dismiss First Amended Complaint

Plaintiff's FAC lacks sufficient allegations to support his claims for (1) Retaliation under NRS 116.31183, (2) Violation of 42 U.S.C. § 3617, (3) Breach of Fiduciary Duty, and (4) Intentional Infliction of Emotional Distress. As detailed within, Plaintiff's claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(5).

## II.    PLAINTIFF'S FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

This Motion to Dismiss is brought pursuant to FRCP 12(b)(6):

(b) **How to Present Defenses.**   Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1)  lack of subject-matter jurisdiction;
> (2)  lack of personal jurisdiction;
> (3)  improper venue;
> (4)  insufficient process;
> (5)  insufficient service of process;
> **(6)  *failure to state a claim upon which relief can be granted***; and
> (7)  failure to join a party under Rule 19. (Emphasis Added).

The standards and authority for a motion to dismiss pursuant to FRCP 12(b)(6) are well established. "Dismissal is appropriate under **Rule 12(b)(6)** when a pleader fails to state a claim upon which relief can be granted." *Kaiser v. Wells Fargo Clearing Servs., LLC*, 761 F. Supp. 3d 1336, 1341 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).) However, the Court is not required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Thus, in analyzing a plaintiff's complaint, the Court need not assume the truth of their legal conclusions merely because they are cast in the form of factual allegations. *Ritzer v. Gerovicap Pharm. Corp.*, 162 F.R.D. 642, 645 (D. Nev. 1995) (citing *Western Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th. Cir. 1981)), cert. denied, 454 U.S. (1981).

As a general proposition, there is a strong presumption against dismissing an action for failure to state a claim. *Ileto v. Glock Inc.*, 349 F. 3d 1191, 1200 (9th Cir. 2003). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Hydrick v. Hunter*, 500 F.3d 978, 985 (9th Cir. 2006) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Nevertheless, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Such allegations must amount to

"more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. at 1964-65. The complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal citation omitted).

Further, the Court in *Iqbal* indicated that the *Twombly* decision "expounded the pleading standard for 'all civil action[s] . . .'" *Id.* at 1953. Also in *Iqbal*, the Court laid out the methodological approach for assessing the adequacy of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

> *Id*. at 1950.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. And those well pleaded facts must go beyond the "sheer possibility that a defendant has acted unlawfully" or facts that are "merely consistent with" a defendant's liability. *Id*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. And while a court must accept all allegations as true, that tenant "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. And ultimately, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than mere conclusions." *Id*. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4

A.     **Plaintiff's Claims For Retaliation Under NRS 116.31183 and Breach of Fiduciary Duty Should Be Dismissed For Failing To Allege Exhaustion Of All Administrative Remedies.**

NRS 38.310 provides that a Plaintiff must exhaust all administrative remedies prior to filing an action.

**1. No civil action based upon a claim relating to:**
    (a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or
    (b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,
**may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360**, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, **all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.**

**2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.**

NRS 38.310. (emphasis added)

NRS 116.31181 provides an action for retaliation when "[a]n executive board, a member of an executive board, a community manager or an officer, employee or agent of an association" takes "retaliatory action against a unit's owner because the unit's owner has:

    (a) Complained in good faith about any alleged violation of [NRS Chapter 116] or the governing documents of the association;
    (b) Recommended the selection or replacement of an attorney, community manager or vendor; or
    (c) Requested in good faith to review the books, records or other papers of the association."

NRS 116.31183(1). (emphasis added)

A claim for retaliation pursuant to NRS 116.31183 must first be administratively exhausted before a plaintiff may file an action. *Dezzani v. Kern & Assocs.*, No. 69896, 2016 Nev.

App. Unpub. LEXIS 438, *3-4 (Nev. Ct. App. Nov. 16, 2016). Similarly, Plaintiff's breach of fiduciary duty claim is made based on allegations that the HOA issued "frivolous and meritless violations" which are allegations about the enforcement of the CC&Rs and so administrative exhaustion is necessary here as well.

As a threshold issue, Plaintiff fails to allege that he administratively exhausted this claim in accordance with NRS 38.310, warranting dismissal of the claim on that ground alone. Beyond that, however, Plaintiff also fails to attach documentation (*e.g.*, an Alternative Dispute Resolution Claim Form with the Nevada Real Estate Division) predicating this claim, which might ostensibly support this action and demonstrate that the claims now at issue were in fact raised and properly exhausted (i.e., that the grounds in the NRED action are those alleged here). As a result, Plaintiff's FAC is devoid of any allegations (or exhibits) that demonstrate he has – as required by Nevada law – first administratively exhausted the claims he now asserts before this Court. Accordingly, Plaintiff's claim should be dismissed for his failure to administratively exhaust his claims for retaliation and breach of fiduciary duty pursuant to NRS 38.310.

**B.      Plaintiff's Claim For Retaliation Under NRS 116.31183 Should Be Dismissed For Failing To Set Forth Allegations Supporting the Claim.**

Plaintiff's claim for retaliation under NRS 116.31183 should be dismissed because it lacks the requisite factual predicate. To wit, Plaintiff alleges that he engaged in a protected activity and was subsequently subject to "frivolous and meritless 'violations' of the CC&Rs, social media attacks, and other forms of harassment." [*See* FAC, ¶¶ 33, 34.] Plaintiff also generally alleges that he was subject to "further attacks and harassment[.]" [*See* FAC, ¶ 36.] Plaintiff then concludes that "[t]hese forms of harassment of expressly prohibited by NRS § 116.311874." [FAC, ¶ 35.] But the FAC fails to set forth legally actionable allegations and a causal nexus and, accordingly, Plaintiff's retaliation claim should be dismissed.

Critically, the FAC makes plain that Granbury took no retaliatory action against Plaintiff. Plaintiff alleges that he purchased his home within Granbury in November 2021. [FAC, ¶ 10.] Then, at the end of 2022, Plaintiff began to receive the aforementioned "frivolous or meritless"

violations. [FAC, ¶¶ 12, 13.] After disputing those violations, Plaintiff allegedly received further "meritless" accusations. [FAC, ¶¶ 14, 16.] At some then unspecified time, Plaintiff learned that he and his wife had been subject to social medial posts. [FAC, ¶ 17.] Thereafter, in January 2024, Plaintiff claims that Granbury ran a criminal background check on him and posted those unspecified results to Facebook. [FAC, ¶ 20.] Then – in July 2024 – Plaintiff filed his complaint with NRED "for the harassment and other actions by the board members described herein." [FAC, ¶ 21.] In January 2025, he filed a complaint with HUD. [FAC, ¶ 22.] But, thereafter, Plaintiff sets forth no allegations that could give rise to a claim for retaliation. Instead, Plaintiff simply concludes that he was "retaliated against by the HOA, based on his lawful quasi-judicial Complaints, with NRED and HUD." [FAC, ¶ 30.] But Plaintiff fails to set forth what that alleged harassment was (and when it occurred). The only acts that predicate his retaliation claim all occurred *before* he filed those complaints. [*See* FAC, ¶¶ 12, 13, 14, 16, 17, 34.] There are no actions alleged to have occurred thereafter which could ostensibly give rise to a retaliation claim.

As currently pled, the FAC fails to allege any actions by Granbury that occurred after Plaintiff filed his complaints with NRED and HUD. At best, he identifies actions that allegedly occurred *before* those complaints. At worst, he generally concludes – without factual support – that Granbury retaliated against him. In either event, he fails to set forth a factual basis to pursue a retaliation claim and therefore, Plaintiff's First Cause of Action should be dismissed.

C.    **Plaintiff's Claim For Violation Of 42 U.S.C. § 3617 (Fair Housing Act) Should Be Dismissed For Lack Of Protected Activity And Lack Of Protected Characteristic.**

Under 42 U.S.C. § 3617, it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [the FHA]." (emphasis added) "As with any retaliation claim, [courts must] apply the familiar burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Scoggins v. Falcon Ct.*, No. 24-00188, 2025 U.S. Dist. LEXIS 59060, at *2 (E.D. Cal. Mar. 27, 2025) (quoting *Walker v. City of Lakewood*, 272 F.3d

1114, 1128 (9th Cir. 2001)). To establish a *prima facie* case of retaliation under the FHA, a plaintiff must allege (1) he engaged in protected activity; (2) the defendant(s) subjected him to an adverse action; and (3) "a causal link exists between the protected activity and the adverse action." *Walker*, 272 F.3d at 1128 (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)). "Protected activity" covers many types of actions but must relate to a plaintiff exercising his rights "granted or protected" by the FHA. *Macon v. Proud Ground Org.*, No. 20-01660, 2021 U.S. Dist. LEXIS 143910, at *17-18 (D. Or. July 30, 2021) (citing 42 U.S.C. § 3617).

A violation of Section 3617 "can involve a situation where no discriminatory housing practice may have occurred at all." *Dogbe v. Lakes at Lemmon Valley, LLC*, No. 24-00283, 2025 U.S. Dist. LEXIS 89450, *17 (D. Nev. May 12, 2025) (citing *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n*, 104 F.4th 1128, 1142.). (citation and quotation marks omitted). For instance "if a landlord rents to a white tenant but then threatens to evict him upon learning that he is married to a black woman, the landlord has plainly violated § 3617, whether he actually evicts the tenant or not." *Id*. (citation and quotation marks omitted). "At its core, the FHA guarantees tenants and homeowners a right to take and enjoy possession of a home free from discrimination based on a protected characteristic[.]" *Id*. at 1143 (citation omitted).

Plaintiff's claim pursuant to 42 U.S.C. § 3617 is vaguely plead but without setting forth any allegations that either identify Plaintiff's protected characteristics or that impute liability to Granbury for independent acts of the former board member Daniel Brandmeyer. The FAC is completely devoid of any allegation of protected characteristics. Further, the only protected activity alleged is Plaintiff's July 2024 NRED complaint and his August 2024 HUD complaint. However, while Plaintiff alleges that "the HOA engaged in additional harassment of Plaintiff" [ECF No. 1-1 at 7:19-20], the only allegations after July and August 2024 regard the allegations against Mr. Brandmeyer for filing defamation suits against Plaintiff in April and October 2025 [*Id*. at 5:12-15 and 5:20-22]. These allegations do not assert that Granbury was involved or failed to take action to prevent Mr. Brandmeyer from filing those lawsuits, nor do they explain how any

liability could be imputed to Granbury because Mr. Brandmeyer had recused himself from the HOA board prior to filing those lawsuits.

As result, given the lack of any factual allegations supporting this claim, Plaintiff's FHA claim should be dismissed.

### D. Plaintiff's Claim For Emotional Distress Should Be Dismissed For Failure To State a Claim

To establish an IIED claim, a plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 116 Nev. 395, 995 P.2d 1023, 1025 (Nev. 2000).

Plaintiff cannot establish a prima facie claim for IIED pursuant to his allegations and exhibits. Plaintiff's Complaint does not include any allegations of extreme or outrageous conduct. The only allegation against Granbury involve the issuance of violation notices that must be supported by allegations that Plaintiff administratively exhausted the claim pursuant to NRS 38.310. The remaining allegations of conduct are directed at the HOA board members and the allegations do not explain their independent actions can be imputed to Granbury. Accordingly, for all these reasons, Plaintiff's IIED claim should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9

**III.    CONCLUSION**

For the reasons stated within, Granbury request that the Court dismiss Plaintiff's claims for (1) Retaliation under NRS 116.31183, (2) Violation of 42 U.S.C. § 3617, (3) Breach of Fiduciary Duty, and (4) Intentional Infliction of Emotional Distress.

Dated this  6th day of April, 2026

**O'HAGAN MEYER PLLC**

By      */s/ Inku Nam*
_____
INKU NAM, ESQ.
Nevada Bar No. 12050
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 6th day of April, 2026, I electronically filed and served the foregoing **DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** through Clerk of the Court through Case Management/Electronic Filing System and Electronic Mail as follows:

Rust Graf, ESQ.
Nevada Bar No. 6322
Sasha Araujo Hernandez, ESQ.
Nevada Bar No. 16675
BLACK & WADHAMS
10777 W. Twain Ave., Suite 300
Las Vegas, NV 89135
rgraf@blackwadhams.law
saraujo@blackwadhams.law

*Attorneys for Plaintiff*

By:                              */s/ Krystal Williams*
                                 An Employee of
                                 O'HAGAN MEYER PLLC