RUSTY GRAF, ESQ.
Nevada Bar No. 6322
SASHA ARAUJO HERNANDEZ, ESQ.
Nevada Bar No. 16675
**BLACK & GRAF**
10777 W. Twain Avenue, Third Floor
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
rgraf@blackgraf.law
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION, a Nevada corporation; DOES I-X, ROE ENTITIES I-X,<br><br>Defendants. | CASE NO.: 2:26-cv-00895-APG-EJY<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

COMES NOW Plaintiff Ossiris Lynch ("Plaintiff"), by and through his counsel of record, Rusty Graf, Esq., of the law firm of Black & Graf, and hereby files this Opposition to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 5] ("Opposition").

This Opposition is made and based on the following memorandum of points and authorities, the papers and pleadings on file herein, and any oral arguments the Court may entertain at a hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

This matter arises out of longstanding dispute(s) between Plaintiff and the Homeowner's Association in which his home is located – Granbury at Valley Vista Homeowners Association

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

(the "HOA" or "Defendant"). There have been a series of state and federal suits between and amongst the HOA, its officers at times and Plaintiff.

Plaintiff and his family moved into the Granbury at Valley Vista community in November of 2021. Within a year, the Plaintiff and his family began to experience harassment and unnecessary bullying from the HOA's Board (the "Board"). The Board repeatedly issued violations and fines, despite there being no basis for the same. Members of the Board also engaged in online harassment and disparagement of Plaintiff and/or his family. Plaintiff tried to dispute the violations and fines, without success. And when Plaintiff voiced his opinions in open forums and HOA meetings, he was shut down.

Plaintiff subsequently filed complaints with the Nevada Real Estate Division ("NRED") and with the U.S. Department of Housing and Urban Development ("HUD") against the HOA. As of May of 2026, HUD has dismissed the complaint.

In January of 2025, Plaintiff and the Board partook in settlement negotiations to try to settle the NRED matter, but such negotiations did not result in the settlement of these claims.

In April of 2025, Daniel Brandmeyer, former President of the HOA ("Brandmeyer") filed a defamation suit against Plaintiff in the Eighth Judicial District Court, which was ultimately dismissed as being violative of Nevada's Anti-SLAPP statutes (the "Brandmeyer Lawsuit"). The Brandmeyer Lawsuit has reached a final resolution following Brandmeyer's appeal being dismissed.

In October of 2025, Brandmeyer's counsel, Kevin Boyle, Esq. ("Mr. Boyle"), filed a separate lawsuit against Plaintiff in the Eighth Judicial District Court for similar claims, such as defamation. The Court similarly dismissed Mr. Boyle's lawsuit as being violative of Nevada's Anti-SLAPP statutes ("Boyle Lawsuit"). The Court has granted attorneys' fees, costs, and statutory fines. It is presently unknown if Mr. Boyle will appeal the dismissal or granting of fees, costs and

fines. Thirty days has not lapsed since the Notice of Entry of the Order of Judgment in the Boyle Lawsuit.

This instant lawsuit is the culmination of all of the foregoing described occurrences. Plaintiff and his family have endured harassment, discrimination, and bullying by the HOA. They subsequently sought intervention by HUD and NRED. Plaintiff was then further discouraged by the filings made by Mr. Brandmeyer and Mr. Boyle during those procedural requirements. Plaintiff was again retaliated against by the HOA, for making HUD and NRED Complaints. This instant lawsuit follows.

For the following reasons, this Court should decline to grant Defendant's Motion to Dismiss. Plaintiff has in fact pleaded with sufficient particularity facts that support his allegations and the causes of actions asserted. Plaintiff has stated claims upon which relief can be granted. Defendant has argued that Plaintiff has failed to exhaust other administrative remedies – which is untrue, as Plaintiff did go through NRED before filing this lawsuit. The NRED matter was administratively closed – it was not resolved for purposes of a binding decision. Defendant also argues that there is no basis for the retaliation claims – the same is untrue – but moreover, the facts as alleged indicate and substantiate the claim for purposes of this stage of the pleadings[1]. As stated, Plaintiff tried to dispute the fines and violations and tried to voice his opinions to the Board members – which he was denied the right to do so. Plaintiff's First Amended Complaint contains sufficient legal and factual allegations that establish that he is entitled to relief. Dismissal is inappropriate at this juncture.

---

[1] See Exhibit 1, NRED Closing letter (The letter states in pertinent part, in bold, "**Pursuant to the statute below, after completing the Alternative Dispute Resolution process, you may consider using this letter of completion provided by our office to inform the court of competent jurisdiction that NRS 38.310 was fulfilled to bring forth a civil complaint." [emphasis in the original letter.]**

## II.   LEGAL ARGUMENTS

### a.  Motion to Dismiss Standard

A motion to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(6) asks the court to test the legal sufficiency of a complaint's factual and legal allegations.[2] The United States Supreme Court has held that a claim should not be dismissed unless it appears beyond any doubt that no set of facts can be proven that would entitle a plaintiff to relief; however, the burden of proof lies on the plaintiff who is obligated to "provide the 'grounds' of his 'entitle[ment] to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[3] Factual allegations made must be enough to raise a right to relief that is above the speculative level.[4] Thus, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[5]

A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[6] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."[7] When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must

---

[2] See Fed. R. Civ. P. 12(b)(6).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see also Parsons v. Colt's Mfg. Co., LLC, 137 Nev. 698 (2021), (confirming that plaintiff must make sufficient factual allegations to allege a plausible claim for relief to survive a motion to dismiss under FRCP 12(b)(6)).

[4] *Id.*

[5] *Sylver v. Executive Jet Mgmt., Inc*., 2011 WL 9329 at *1 (D. Nev. Jan. 3, 2011 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).  Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (quotation marks and citation omitted); see also *Twombly*, 550 U.S. at 570 (a plaintiff must allege facts that nudge their claims across the line from merely "conceivable" to "plausible").

[6] *Iqbal* at 1949.

[7] *Id.* (internal quotation marks omitted).

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

be dismissed.[8] Further, a court need not resolve unsettled questions of law in favor of plaintiff in ruling on the propriety of a motion to dismiss for failure to state a claim.[9]

When ruling "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."[10]

### i.   Retaliation Under NRS § 116.31183

Plaintiff has alleged the following facts to support his claim under Nevada Revised Statutes ("NRS") § 116.31183: Plaintiff received numerous violations and fines for violations of the CC&Rs which he did not engage in.  [ECF No. 5, Exhibit 1-1, para. 9-30 and 31-38, First Amended Complaint] Plaintiff attempted to dispute these, which he was unsuccessful in doing. Despite there being no factual basis for the violations,[11] he continued to get violation notices after trying to dispute them. Plaintiff also attempted to have conversations with the Board, which were unproductive and ultimately resulted in more harassment. Board members made comments to him or his family in person and/or online, via the Board's community Facebook page. The comments were disparaging and harassing in nature. The Board made comments as to Plaintiff's criminal background, and encouraged others to ostracize him.

The foregoing behavior is all outlined in the First Amended Complaint [ECF No. 5, Exhibit 1-1, First Amended Complaint]. This behavior by Board members is expressly prohibited by NRS § 116.31184. Community members are expressly prohibited from creating hostile environments for unit owners. The repeated violations and fines, the repeated negative comments in-person and

---

[8] *Twombly*, 550 U.S. at 570.
[9] *Bane v. Ferguson*, 890 F.2d 11 (7th Cir. 1989).
[10] *United Nat'l Ins. Co. v. Assurance Co. of Am.* , 2011 U.S. Dist. LEXIS 109329,*5, Case No. 2:10-cv-01086-RLH-RJJ (Nev. Sep. 23, 2011) *quoting Mack v. South Bay Beer Distribs., Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986).
[11] One example of the violations and then retaliation is the alleged violation of leaving plaintiff's car in front of his home for more than 72 hours. After this was disproven, the HOA then alleged that the car was leaving oil stains and the HOA then sent a notice of violation for that.

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669
(702) 869-2669

online, are all examples of the creation of a hostile environment for Plaintiff.

As a result, Plaintiff filed a complaint with NRED, to attempt to get an administrative body to intervene ("NRED Complaint"). The NRED Complaint detailed the NRS § 116 violations. After being notified of the NRED Complaint, the harassment by the Board continued. This is also detailed in Plaintiff's First Amended Complaint.

NRS § 116.31183 states in pertinent part as follows:

An executive board, a member of an executive board, a community manager or an officer, employee or agent of an association shall not take, or direct or encourage another person to take, any retaliatory action against a unit's owner because the unit's owner has: (a) Complained in good faith about any alleged violation of any provision of this chapter or the governing documents of the association.[12]

Plaintiff then was served with a lawsuit by Mr. Brandmeyer, the former HOA President. The lawsuit by Mr. Brandmeyer was for defamation and was based on comments or statements made in quasi-judicial proceedings – the NRED Complaint. The lawsuit was also based on statements Plaintiff made in his self-published book, which is an educational endeavor, which is a book about HOA history, rules, and law. The Eighth Judicial District Court dismissed the Brandmeyer Lawsuit for being violative of NRS § 41.660, Nevada's Anti-SLAPP statute. The Court found that Mr. Brandmeyer's complaint was based on statements made in quasi-judicial proceedings, including the NRED Complaint.

The Court further found that pursuant to NRS § 41.637, "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern . . . must be made truthfully or without knowledge of its falsity."[13] Moreover, NRS § 41.637(3) protects a good faith communication in furtherance of the right of free speech when it is a "written statement concerning an issue under consideration by an official proceeding

_____

[12] NRS § 116.31183.
[13] NRS § 41.637.

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

authorized by law."[14]

Thus, to any extent that Defendant has argued that Plaintiff has failed to state a claim or that the claim for Retaliation under NRS § 116.31183 should be dismissed because Plaintiff failed to exhaust other administrative remedies, the same argument is untrue. [See Footnote 1 re NRED disposition above.]

Plaintiff does not dispute that a claim for retaliation pursuant to NRS § 116.31183 must first be administratively exhausted before a plaintiff may file an action. The NRED matter was administratively closed on March 7, 2025.[15] Such closing letter is used by Plaintiff to inform this Court that NRS § 38.310 was fulfilled to bring forth a civil complaint. Defendant is similarly aware of this and thus any request for a copy of the NRED forms is inappropriate. Defendant was properly served with a copy of the NRED Complaint and any subsequent filings, including the closing letter, from NRED directly. For purposes of the Retaliation claim, Plaintiff has stated a facially plausible claim and thus, dismissal or this claim is not appropriate.

### ii.    Violation of 42 U.S.C. § 3617

Under 42 U.S.C. § 3617, it is unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by [the FHA]."[16] The Court must apply the burden-shifting analysis that the *McDonnell* Court established: To establish a prima facie case of retaliation under the FHA, a plaintiff must allege (1) they engaged in protected activity; (2) the defendant(s) subjected them to an adverse action; and (3) "a causal link exists between the protected activity and the adverse action."[17] "Protected activity" covers many types

---

[14] NRS § 41.637(3).
[15] See Exhibit 1.
[16] *Fox v. Kovacs*, 2025 U.S. Dist. LEXIS 81572, *15, citing 42 U.S.C. § 3617.
[17] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Scoggins v. Falcon Ct.*, 2025 U.S. Dist. LEXIS 59060, at *2 (E.D. Cal. Mar. 27, 2025) (quoting *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)).

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

of actions but must relate to a plaintiff exercising their rights "granted or protected" by the FHA.[18]

Defendant has argued that Plaintiff has not set forth his protected characteristics. Plaintiff acknowledges that it is his burden to establish that he was a member of a protected class engaging in protected activity. A plaintiff must allege facts plausibly suggesting that "race was a but-for cause of [their] injury."[19] Here, Plaintiff is a Black man – making him a member of the protected class based on race. Plaintiff's wife is also Black. Plaintiff did not engage in any violations of the HOA's CC&Rs. The Amended Complaint fails to allege the protected status of the Plaintiff, but this Opposition shall serve as a request to amend to include that factual predicate.[20]

He attempted to fight back on the violations. His efforts to defend his lawful activities in living in and utilizing his residence were summarily dismissed and then retaliated against by the HOA and its Board.  After the Plaintiff unsuccessfully appealed the fines and notices, the Board continued to issue additional fines and notices. Plaintiff then filed an NRED Complaint. This is a protected activity. The Board then again subjected him to adverse action by issuing additional fines and notices, and engaging in discriminatory behavior.

Plaintiff has set forth facts that support his claim for FHA violations – including that they received multiple fines and violation notices despite not having engaged in any violations. The comments made in person and the comments made on Facebook also support Plaintiff's contention that he and his family were discriminated against on the basis of race.

Here, the repeated violations and fines, the repeated comments and nature of the comments, support Plaintiff's contention that he was discriminated against and harassed for being Black.

---

[18] *Macon v. Proud Ground Org.*, 2021 U.S. Dist. LEXIS 143910, at *17-18 (D. Or. July 30, 2021) (citing 42 U.S.C. § 3617).

[19] *Dogbe v. Lakes at Lemmon Valley, LLC*, 2024 U.S. Dist. LEXIS 217083, *6-7; citing *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 333, 336, 340-41, 140 S. Ct. 1009, 206 L. Ed. 2d 356 (2020) (rejecting the "motivating factor" test applied to Title VII and FHA claims, "typically at summary judgment, when the plaintiff relies on indirect proof of discrimination").

[20] See FRCP 15(a)(2): In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff argues that the behavior by the Board was repeated and continuous. The law is clear with respect to discrimination that single events rarely are sufficient to demonstrate a violation of federal anti-discrimination laws.[21] Here, there are multiple events and multiple retaliatory events of discriminatory actions and retaliation based upon those actions.

For purposes of a 12(b)(6) Motion to Dismiss, Defendant has failed to argue that there are not facts sufficient to establish that Plaintiff is entitled to relief based on Defendant's liability for the alleged misconduct. Therefore, dismissal is inappropriate.

### iii.      Breach of Fiduciary Duty

As stated in Plaintiff's First Amended Complaint, pursuant to the HOA's CC&Rs, "The Board may act in all instances on behalf of the Association, except as otherwise may be provided in the Governing Documents or any applicable provision of NRS Chapter 116 or other applicable law. The Directors, in the performance of their duties, are fiduciaries, and are required to exercise the ordinary and reasonable care of directors of a non-profit corporation, subject to the business-judgment rule, and shall act on an informed basis, in good faith and in the honest belief that their actions are in the best interests of the Association."

A person generally must exhaust all administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable.[22] Again, Defendant argues that Plaintiff did not exhaust his administrative remedies before pursuing this action against the HOA. The same is untrue. The NRED matter was administratively closed.[23] The parties participated in settlement negotiations, which did not come to fruition. There is no order that the issues were adjudicated on their merits; there is no order that the matters were dismissed with prejudice. The matter was

---

[21] *See Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) ("A single incident of harassment can support a claim of hostile work environment ... but for a single incident to suffice, it 'must be extremely severe.'"), citing *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000).
[22] *Mesagate Homeowners' Association v. City of Fernley*, 124 Nev. 1092, 194 P.3d 1248 (2008).
[23] See Exhibit 1.

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669
(702) 869-2669

simply closed. The closing letter serves as notice that NRS § 38.310 was fulfilled to bring forth a civil complaint. As a result, Plaintiff did in fact go through that channel and exhausted that administrative proceeding. Dismissal is thus inappropriate.

### iv.    Intentional Infliction of Emotional Distress

To establish an IIED claim, a plaintiff must show: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation."[24]

Here, Defendant argues that Plaintiff cannot or has not established a prima facie case for intentional infliction of emotional distress. As stated, Plaintiff and his family, including his child and his wife's elderly mother, were repeatedly harassed. As indicated in the First Amended Complaint, comments were made both in-person and online about Plaintiff's family. These included photos being posted of Plaintiff's son. Additionally, when Plaintiff's mother-in-law arrived at the home on several occasions, she was questioned by members of the Board. She was asked what her business was in the neighborhood, and why she was in the neighborhood. These questions were invasive and accusatory. Plaintiff does not have to explain to his neighbors why his mother-in-law is visiting, or why she may be on their property, to pick up her grandchild.

While distinguishable, this Court has found that harassment from a person in a "superior" position to another person (in the context of workplace harassment) has potentially a greater impact on a person, as opposed to harassment from someone in a similar position.[25] Here, this case is comparable because the Board is in somewhat of a "superior" position to Plaintiff, who is not a Board member, but is only a homeowner. Plaintiff also endured harassment by other homeowners,

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

---

[24] *Olivero v. Lowe*, 116 Nev. 395, 995 P.2d 1023, 1025 (Nev. 2000).

[25] *Jancaterino v. Encompass Health Rehab. Hosp. of L.V., LLC*, 2026 U.S. Dist. LEXIS 49945, *8-9; *See Mattioda*, 98 F.4th 1176 (finding that "[s]upervisor harassment has 'potentially greater impact' than coworker harassment'" (quoting *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 445 (9th Cir. 2017)).

but the *repeated* harassment by *Boardmembers*, is what has given rise to Plaintiff's emotional distress. While it is a fact outside of the Complaint, Plaintiff has sought treatment with mental health counselors, or treating physicians as a result of his distress. He was repeatedly made to feel unwelcome and unsafe in his community, and subsequently sought mental health help for the same.

This type of repeated harassment is in fact outrageous, given that Plaintiff and his wife are homeowners and had every right to live in the community. Plaintiff has in fact suffered emotional distress, given that these matters have lasted for years, and have caused Plaintiff and his family to feel unsafe, unwanted, and unwelcome in the community.

The Board members repeatedly engaged in violations of NRS Chapter 116, with the intention of making Plaintiff feel unwelcome and unsafe in the community. Their intent may have been to harass Plaintiff to the point that he would have moved out. While they were unsuccessful, Plaintiff has been forced to endure the discriminatory treatment, and has been subjected to multiple litigations as a result of the Board, their former members, and counsel for the Board. This is all outrageous and extreme conduct that would cause any reasonable person to suffer emotional distress. Not only was Plaintiff made to feel unsafe, but so was his wife, their child, and Plaintiff's elderly mother-in-law.

For the foregoing reasons, dismissal of Plaintiff's IIED claim is inappropriate, as Plaintiff has pleaded with sufficient particularity facts that allow this Court to draw a reasonable inference that the Defendant is liable for their misconduct.

/ / /

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

BLACK & GRAF
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

### III.   CONLCUSION

Plaintiff respectfully asks that this Court decline Defendant's Motion to Dismiss in its entirety. Plaintiff has provided sufficient factual matter to state his claims upon which relief can be granted. Finally, the Amended Complaint fails to allege the protected status of the Plaintiff, but this Opposition shall serve as a request to amend to include that factual predicate.

Dated this 1st day of June, 2026.

**BLACK & GRAF**

*/s/ Rusty Graf, Esq.*
Rusty Graf, Esq.
Nevada Bar No. 6322
Sasha Araujo Hernandez, Esq.
Nevada Bar No. 16675
10777 W. Twain Ave., Ste. 300
Las Vegas, NV 89135
*Counsel for Plaintiff*

**BLACK & GRAF**
10777 W. Twain Avenue, 3rd Floor
Las Vegas, Nevada 89135
(702) 869-8801 FAX: (702) 869-2669

### CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am employee of Black & Graf, and that on the 1st day of June 2026, I served the above and foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** on the parties in compliance with the Nevada Electronic Filing and Conversion Rules.

/s/ Diane Meeter
An Employee of Black & Graf