INKU NAM, ESQ. (Nevada Bar No. 12050)
E: INam@ohaganmeyer.com
**O'HAGAN MEYER PLLC**
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101
T: 725.286.2801

*Attorneys for Defendant*
*Granbury at Valley Vista*
*Homeowners Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OSSIRIS LYNCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION, a Nevada corporation; DOES I-X, ROE ENTITIES I-X,<br><br>Defendants. | Case No.:  2:26-cv-00895-APG-EJY<br><br><br>**DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS [ECF NO. 5]** |

Defendant Granbury at Valley Vista Homeowners Association, ("Granbury") hereby submits this reply in support of its motion to dismiss Plaintiff's First Amended Complaint [ECF No. 5] (the "FAC").

This reply is made and is based on the following Memorandum of Points and Authorities and all pleadings and papers of record in this matter as well as those in the underlying and related Eighth Judicial District Court Case No. A-25-927483-C.

//

//

//

//

//

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    ARGUMENT

#### A.    Plaintiff's Claim For Retaliation Under NRS 116.31183 Should Be Dismissed.

Plaintiff's FAC does not plead that he has exhausted all of his administrative remedies pursuant to NRS 38.310. And Plaintiff's Opposition [ECF No. 18] (the "Opposition") does not save the bare allegations of the FAC.

Plaintiff suggests he has a retaliation claim pursuant to NRS 116.31183, but the FAC only alleges that he "filed a complaint through Nevada Real Estate Division Nevada Real Estate Division ("NRED") against the HOA, for the harassment and other actions by the board members described herein." [ECF No. 1-1 at p. 5:3-5.]  But there is no allegation of retaliation therein, either explicitly or in the "other actions."  *See* attached as Exhibit 1, a true and correct copy of Plaintiff's NRED Complaint ADR #25-083 (the "NRED Complaint"). The NRED Complaint identifies only harassment in the form of "frivolous citations" and an "unwarranted background check" by Daniel Brandmeyer ("Mr. Brandmeyer"), which he allegedly then shared (before, of course, the NRED Complaint was filed).  *See* Exhibit 1.  There is no mention of retaliation in the NRED Complaint.  *Id*.  Accordingly, Plaintiff's retaliation claim has not been administratively exhausted.

The Opposition attempts to cure this by pointing to lawsuits by Mr. Brandmeyer – "the *former* HOA Present." [ECF No. 18 at p. 6:11-12, emphasis added.]  More specifically, Plaintiff points to two subsequent lawsuits [ECF No. 1-1 at p. 5:9-15] as the only evidence of retaliation but, again, neither was administratively exhausted with NRED (and Plaintiff does not allege as much) and Plaintiff's own pleadings make clear that these lawsuits (to the extent they were retaliatory) were not asserted by Granbury but, rather, by the *former* HOA President.  In reality, as the Opposition makes clear, the retaliation of which Plaintiff accuses Granbury is his personal litigation with Mr. Brandmeyer – and therefore, his retaliation claim must fail.

2

**B.      Plaintiff's Claim For Declaratory Relief Is Not A Proper Cause Of Action And Should Be Dismissed.**

Plaintiff's claim pursuant to 42 U.S.C. § 3617 is vaguely plead and fails to set forth any allegations that either identify Plaintiff's protected characteristics or that impute liability to Granbury for independent acts of a then *former* board member.

As a threshold issue, there is no evidence in the NRED Complaint that any of the alleged activity was based on a protected characteristic. *See* Exhibit 1. The FAC is likewise devoid of such allegations. In response, Plaintiff attempts to interject – for the first time – racial discrimination in the FAC. [ECF No. 18 at p. 8:5-9, 22:23.] But these allegations do not set forth any causal nexus between the alleged actions and Plaintiff's race, and such an argument should be rejected.

Moreover, those allegations are not consistent with the FAC itself, where Plaintiff predicated this claim entirely upon the filing of his HUD complaint. [ECF No. 1-1, at p. 7:19-20.] The only subsequent action is, as noted above, the lawsuits filed by a former board member. There is no assertion, in the FAC or the Opposition, that Granbury was involved with those lawsuits, nor do they explain how any liability could be imputed to Granbury as a result of lawsuits filed by a former board member. As result, given the lack of any factual allegations supporting this claim, Plaintiff's FHA claim should be dismissed.

**C.      Plaintiff's Claim For Breach Of Fiduciary Duty Should Be Dismissed For Failing Lack Of Administrative Exhaustion and for a Lack of Specificity.**

Plaintiff's FAC does not allege that Plaintiff's claim for breach of fiduciary duty was ever submitted to NRED. Plaintiff's Opposition alleges that NRED issued a closure letter pursuant to this claim, but Plaintiff's NRED Complaint does not identify any allegations of breach or duty. *See* Exhibit 1. Therefore, Plaintiff's claim for breach of fiduciary duty should be dismissed for failure to administratively exhaust the claim in accordance with NRS 38.310. Moreover, this claim should also be dismissed given the lack of any specificity to the claim except for, as alleged in the FAC,

general allegations that the "Board failed to act in accordance with their fiduciary duties by wasting the HOA's funds" and "using the HOA's funds for things unrelated to the Association's best interests." [ECF No. 1-1, at p. 8:12-16.]

### D.    Plaintiff's Claim For Intentional Infliction of Emotional Distress Should Be Dismissed For Failure To State a Claim.

Plaintiff's FAC fails to allege any extreme and outrageous conduct or any severe or extreme emotional distress. Plaintiff's FAC alleges that there was intentional or reckless disregard, but those bare allegations are insufficient to support this claim. The only allegations supporting this claim relate to "frivolous or meritless Notices of violation to Plaintiff" (which, if Plaintiff's argument has merit, would turn almost any HOA lawsuit into a lawsuit over the intentional infliction of emotional distress) and general allegations about "salacious social media posts" and "repeat[ed] harass[ment.]" [ECF No. 1-1 at p. 9:5-8.] But this claim must fail for at least three reasons. First, these allegations (and those generally of the FAC) are not sufficient to establish a claim for intentional infliction of emotional distress. Second, Plaintiff's attempts to end run this result in the Opposition also fail because: (1) the allegations are not contained within the FAC itself and (2) even as stated in the Opposition the allegations lack the requisite specificity (i.e., they do not state when the alleged action occurred, or who the unspecified and offending board member is or are) which is critical in light of the arguments above. And finally, again, it is important to note the context of these allegations (i.e., disputes within an HOA) and the fact that the gravamen of this entire dispute is subsequent action by a *former* board member. Therefore, Plaintiff's claim for Intentional Infliction of Emotional Distress should be dismissed.

/ / /

/ / /

/ / /

/ / /

/ / /

4

## II.    CONCLUSION

For the reasons stated within, Granbury request that the Court dismiss Plaintiff's claims for (1) Retaliation under NRS 116.31183, (2) Violation of 42 USC § 3617 (Fair Housing Act), (3) Breach of Fiduciary Duty, and (4) Emotional Distress.

Dated the 15th day of June, 2026

**O'HAGAN MEYER PLLC**

By    _/s/ Inku Nam_
INKU NAM, ESQ.
Nevada Bar No. 12050
300 S. 4th Street, Suite 1250
Las Vegas, NV 89101

_Attorneys for Defendant_
_Granbury at Valley Vista_
_Homeowners Association_

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b) and NEFCR 9, I certify that I am an employee of O'HAGAN MEYER PLLC, and that on this 15th day of June, 2026, I electronically filed and served the foregoing **DEFENDANT GRANBURY AT VALLEY VISTA HOMEOWNERS ASSOCIATION'S REPLY IN SUPPORT OF MOTION TO DISMISS [ECF NO. 5]** through the Court's Electronic Filing and Service System as follows:

Rusty Graf, ESQ.
Nevada Bar No. 6322
Sasha Araujo Hernandez, ESQ.
Nevada Bar No. 16675
BLACK & GRAF
10777 W. Twain Ave., Suite 300
Las Vegas, NV 89135

*Attorneys for Plaintiff*

By:                          */s/ Krystal Williams*
                             An Employee of
                             O'HAGAN MEYER PLLC